### BANKHEAD ET AL. v. THE DES MOINES INS. CO.

1. **Fire Insurance**: AGREEMENT AS TO STOVE-PIPES: SUBSTANTIAL COMPLIANCE: QUESTION FOR JURY. Plaintiffs, in their application for insurance, stated that the stove-pipes entered brick chimneys, and that none of them passed through partitions, floors or roofs. *Held* that, if these statements amounted to a continuing covenant to keep them so, yet a literal compliance was not required, but any substantial compliance, whereby the hazard was not increased, was sufficient. And so, if plaintiffs could show that, though a stove-pipe was allowed to pass through a roof, it was so secured that it was just as safe as if it entered a brick chimney, they could not on that account be defeated in an action on the policy. In such a case, the question of substantial compliance is for the jury, and not for the court.

2. **Practice on Appeal**: EVIDENCE WANTING. The question whether a judgment is warranted by the evidence cannot be considered on appeal, where the evidence has not been preserved by bill of exceptions or certificate, so as to become a part of the record.

*Appeal from Jefferson Circuit Court.*

FRIDAY, DECEMBER 17.

ACTION upon a policy of insurance. A demurrer to plaint-

iffs' petition was overruled. Defendant standing on its demurrer, and refusing to further plead, judgment was rendered for plaintiffs. Defendant appeals.

*Cole, McVey & Clark*, for appellant.

*Leggett & McKemey*, for appellees.

BECK, J.—I. The petition seeks to recover upon a policy of insurance against loss by fire, issued by defendant upon a dwelling-house and certain personal property contained therein. It alleges the destruction of the property by fire, and makes the policy, and the application for insurance indorsed thereon, a part of the petition. The application shows the following questions and answers: "(2) Do the. stove-pipes enter brick chimneys? *Answer.* Yes. (3) Do any of the pipes pass through partitions, floors or roof? *Answer.* No." Following the first question is this one, which is not answered. "Do you agree that they shall be, by and after ——, 188–?" After the second question is the following, which is also not answered: "If so, how are they secured?" The petition alleges "that at the time the application was made to defendant for said policy of insurance, and said policy was issued, all stove-pipes entered brick or stone chimneys, and none of the pipes passed through partitions, floors or roof." The defendant's demurrer is based upon the ground that the petition fails to state facts entitling plaintiff to recover, in that it shows a violation of the terms of the contract, and a breach of the warranty found in the answers of the defendant to the questions above set out, and an increase of the hazard, which defeat plaintiff's cause of action. The questions raised by the demurrer are alone for determination in this case.

II. Defendant's counsel insist that the covenant entered into by the answer of the questions is a continuing one, obligating the assured to keep and maintain the pipes in the condition they were represented to be by the answers. Without

1. FIRE insurance: agreement as to stove-pipes: substantial compliance: question for jury.

determining that it is a continuing covenant, it may be so assumed for the purposes of this case. The object of the covenant, so regarded, is to secure against an increase of the risk taken by the assured. It is not to be regarded as requiring the assured to comply with its literal provisions; but any substantial compliance, whereby the hazard is not increased, is sufficient. To illustrate this doctrine, we may recur to the language of the covenant. It binds plaintiffs to keep the pipes so that they will not pass partitions, floors or roofs. Now, if the chimney should be made of grout, tile, or any metal, so that it would be equally as non-combustible as brick or stone, or the partition should be of brick or stone, so that no additional hazard would be caused by the pipe entering such a chimney, or passing through such a partition, it is plain that the risk would not be increased, and the covenant, therefore, would not be violated. The intention and purpose of the parties in entering into the covenants must be regarded, and its language must be interpreted in harmony therewith, if it can be done without disregarding its proper signification. As the intention and purpose of the parties were to secure protection to the building from fire, if that will be equally well accomplished by the use of means not specified in the contract, such means will be presumed to have been within the contemplation of the parties. The familiar doctrine we have announced need not be supported by authority.

III. The plaintiff, upon the facts alleged in the petition, is entitled to recovery, assuming that the covenant in question is a continuing one, if it be made to appear that the hazard was not increased by the failure of the plaintiff to literally perform it. If he could show that the stove-pipe passed through the roof, so secured that it was just as safe as though it had entered a brick chimney, he was entitled to recover. The question as to the substantial compliance with the covenant, in accord with the real purpose and intention of the parties, rests upon the facts to be determined upon

the trial of issues raised in the case. It is not a question of law to be determined upon demurrer. The circuit court therefore rightly overruled the demurrer.

IV. Counsel insist that the judgment is erroneous, for the reason that the evidence shows that the personal property covered by the policy, and lost in the fire, the value of which is included in the judgment, did not belong to the plaintiffs jointly, but was the separate property of one of them. The amended abstract, which is not denied by defendant, and must therefore be regarded as admitted, shows that the evidence given to the court upon the assessments of plaintiffs' damages was not preserved by bill of exceptions or certificate, so as to become a part of the record. As the question under consideration rests for determination upon the evidence which we do not have before us, it does not arise upon this appeal.

*2. PRACTICE on appeal: evidence wanting.*

No other questions than those disposed of are presented on the record before us.

The judgment of the circuit court is

AFFIRMED.